

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-1146
Re: Would the commissioners'
court have the authority
to contract for the col-
lection of delinquent costs,
such contracting collector
to be compensated for his
services on a commission
basis, such commissions to
be retained by the collector
out of the funds collected?

Your request for an opinion on the question, as
is herein stated, has been received by this office.

Your letter reads, in part, as follows:

"McLennan County has a rather
large sum of unpaid costs earned in
connection with the operation of the
various county officers. A large per-
cent of these costs were earned by of-
ficials who are no longer holding coun-
ty offices and very little effort is
being made to collect these delinquen-
cies. Would the commissioners' court
of the county have the authority to
contract for the collection of delin-
quent costs, such contracting collec-
tor to be compensated for his services
on a commission basis, such commissions
to be retained by the collector out of
the funds collected?"

Section 5 of Article 3912e reads as follows:

"It shall be the duty of all offi-
cers to charge and collect in the manner
authorized by law all fees and commis-
sions which are permitted by law to be
assessed and collected for all official
service performed by them. As and when
such fees are collected they shall be
deposited in the Officers' Salary Fund,
or funds provided in this Act. In event
the Commissioners' Court finds that the
failure to collect any fee or commission
was due to neglect on the part of the
officer charged with the responsibility
of collecting same, the amount of such
fee or commission shall be deducted
from the salary of such officer. Before
any such deduction is made, the Commis-
sioners' Court shall furnish such offi-
cer with an itemized statement of the
uncollected fees with which his account
is to be charged, and shall notify such
officer of the time and place for a
hearing on same, to determine whether
such officer was guilty of negligence,
which time for hearing shall be at
least ten days subsequent to the date
of notice. Unless an officer is charged
by law with the responsibility of col-
lecting fees, the Commissioners' Court
shall not in any event make any deduc-
tions from the authorized salary of
such officer."

Articles 2051, 2052 and 2053, Revised Civil Stat-
utes, read as follows:

"Article 2051.- Each party to a suit
shall be liable to the officers of the
court for all costs incurred by himself.
No sheriff or constable shall be compelled
to execute any process in civil cases
coming from any county other than the one
in which he is an officer, unless the
fees allowed him by law for the service
of such process shall be paid in advance;
except when affidavit is filed, as pro-
vided by law. The clerk issuing the pro-
cess shall indorse thereon the words,
'pauper oath filed', and sign his name

Honorable Tom A. Craven, Page 3

officially below them; and the offi-
cer in whose hands such process is
placed for service shall serve the
same."

"Article 2052.- Each party to a
suit shall be liable for all costs
incurred by him. If the costs cannot
be collected from the party against
whom they have been adjudged, execu-
tion may issue against any party in
such suit for the amount of costs in-
curred by such party, but no more."

"Article 2053.- Officers may de-
mand payment of all costs due in each
and every case pending in their re-
spective courts, up to the adjournment
of each term of said courts."

Article 2054 and 2055, Revised Civil Statutes,
provide as follows:

"Article 2054.- If any party re-
sponsible for costs fails or refuses
to pay the same within ten days after
demand for payment, the clerk or jus-
tice of the peace may make certified
copy of the bill of costs then due,
and place the same in the hands of
the sheriff or constable for collec-
tion. All taxes imposed on law pro-
ceedings shall be included in the
bill of costs. Such certified bill
of costs shall have the force and ef-
fect of an execution. The removal of
a case by appeal shall not prevent the
issuance of an execution for costs at
the end of the term."

"Article 2055.- The sheriff or
constable upon demand and failure to
pay said bill of costs, may levy upon
a sufficient amount of property of
the person from whom said costs are
due to satisfy the same, and sell such
property according to the law govern-
ing sales under execution. Where such
party is not a resident of the county

where such suit is pending, the pay-
ment of such costs may be demanded of
his attorney of record; and neither the
clerk nor justice of the peace shall be
allowed to charge any fee for making out
such certified bill of costs, unless he
is compelled to make a levy."

Article 2077, Revised Civil Statutes, reads as
follows:

"When costs have been adjudged
against a party and are not paid, the
clerk or justice of the court in which
the suit was determined may issue exe-
cution, accompanied by an itemized bill
of costs, against such party to be
levied and collected as in other cases;
and said officer, on demand of any par-
ty to whom any such costs are due, shall
issue execution for costs at once. This
article shall not apply to executors, ad-
ministrators or guardians in cases where
costs are adjudged against the estate of
a deceased person or of a ward. No exe-
cution shall issue in any case for costs
until after judgment rendered therefor
by the court."

Article 2446, Revised Civil Statutes, provides:

"Such execution or other process
shall conform to the requirements of
writs. It shall describe the judgment
and shall require the sheriff or con-
stable of the proper county to execute
the same, according to its terms, whether
the same be to make a sum of money, or
to deliver personal property, or to de-
liver possession of real estate, or to
do some other thing; and, if for money,
it shall state the rate of interest; and
it shall also require the officer to make
the costs which may have been adjudged
against the defendant in execution, and
the further costs of executing the writ.
A certified copy of the costs, taxed
against the defendant in execution ac-
cording to the fee book up to the issu-

ance of the execution, shall be attached to the writ."

Articles 3770 and 3911, Revised Civil Statutes, read as follows:

"Article 3770. - After the adjournment of a district or county court, the clerk thereof shall tax the costs in every case in which a final judgment has been rendered, and issue execution to enforce such judgment and collect such costs."

"Article 3911.- Officers receiving any process to be executed shall not be entitled in any case to demand their fees for executing the same in advance of such execution, but their fees shall be taxed and collected as other costs in the case."

Articles 2067 and 2068, Revised Civil Statutes, read as follows:

"Article 2067. - The clerk may require from the plaintiff security for costs before issuing any process, but shall file the petition and enter the same on the docket."

"Article 2068.- The plaintiff may be ruled to give security for costs at any time before final judgment, upon motion of the defendant or any officer of the court interested in the costs accruing in such suit, and, if such rule be entered against the plaintiff and he fail to comply therewith on or before the first day of the next term of the court, the suit shall be dismissed."

We quote from Tex. Jur., Vol. 11, p. 331:

"In various situations a party who is entitled to costs may maintain a separate action, distinct from the suit in which the judgment awarding costs is rendered. . . "

Also see 39 A.L.R. 1218.

Chapter 4, Title 15, of the Code of Criminal Procedure, prescribes the costs to be taxed against a defendant in a misdemeanor case. See Overstreet vs. State, 15 S.W. (2d) 1039.

Under the provisions of Article 1018 of the Code of Criminal Procedure all costs and fees paid by the State become a charge against the defendant, except in felony cases, where the punishment is assessed at death or life imprisonment. But a person who has been convicted of a felony may not be hired out or confined in jail in lieu of payment of costs, as in misdemeanor cases. Execution, as in civil cases, appears to be the only proper method for enforcing the payment of the costs in a felony case. The mere fact that the convict may not be confined to jail does not militate against any claim for costs enforceable against any property of the defendant legally liable therefor.

Also, see the cases of

Ex parte Smith, 8 S.W. (2d) 139
Ex parte Byrd, 13 S.W. (2d) 855

The above quoted and mentioned statutes specifically provide the manner in which costs shall be taxed and collected, and it is a well recognized principle of law that where the Legislature prescribes a definite and certain method of procedure for a city or county official to follow, other methods are by implication of law excluded. See Foster vs. City of Waco, 255 S.W. 1104.

Commissioners' Courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties, and that their powers are only those expressly or impliedly conferred upon them by law; that is, by the constitution and statutes of the state.

Sun Vapor Elec. Light Co. vs. Keenan, 30 S.W. 868
Hill County vs. Hamilton, 273 S.W. 292
Temple Lbr. Co. vs. Commissioners' Court of Sabine County, 239 S.W. 668
Garrett vs. Commissioners' Court, 230 S.W. 1010
Stratton vs. Commissioners' Court, 137 S.W. 1170
Ranken vs. McCallum, 60 S.W. 975

Honorable Tom A. Craven, Page 7

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that the Commissioners' Court would not have the authority to contract for the collection of delinquent costs due the various county officers.

Trusting that we have satisfactorily answered your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ARDELL WILLIAMS (Sgd.)
Ardell Williams
Assistant

AW:ob

APPROVED AUG. 26, 1939

GERALD C. MANN (Sgd.)

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B.W.B.
Chairman